IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THERRAL HATFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv510-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Therral Hatfield's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. No. 1.[1] Hatfield contends that his conviction under 18 U.S.C. § 924(c) is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, because the decision in *Johnson* did not affect Hatfield's conviction under § 924(c), Hatfield is entitled to no relief.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On November 17, 2010, a jury found Hatfield guilty of two counts of interstate kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Counts 1 and 2), and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). The kidnapping offense charged in Count 1 served as the predicate "crime of violence" for Hatfield's § 924(c) conviction under Count 3.

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

After a sentencing hearing on June 29, 2011, the district court sentenced Hatfield to 300 months' imprisonment, consisting of concurrent terms of 300 months on Counts 1 and 2 and a consecutive term of 84 months on Count 3.

Hatfield appealed, and on March 16, 2012, the Eleventh Circuit affirmed his convictions and sentence. *See United States v. Hatfield*, 466 F. App'x. 775 (11th Cir. 2012). Hatfield filed no petition for certiorari in the United States Supreme Court.

In May 15, 2013, Hatfield filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See Hatfield v. United States*, Civil Action No. 2:13cv324-WKW. In October 2015, this court denied Hatfield relief on the claims in his § 2255 motion.

In June 2015, the United States Supreme Court held that the residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2] In *Johnson*, the Court reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id*. at 2557. However, the Court "d[id] not call into question application

---

[2] A conviction for possession of a firearm as a convicted felon under § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three prior convictions for a violent felony, a serious drug offense, or both, is subject to an enhanced sentence of not less than fifteen years. 28 U.S.C. § 924(e)(1). When *Johnson* was decided, the ACCA defined a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 28 U.S.C. § 924(e)(2)(B). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-offenses clause; and (3) and the (now void) residual clause. *See In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).

of the [ACCA] to . . . the remainder of the Act's definition of a violent felony." *Id*. at 2563 (alterations added). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

Title 18 § 924(c) provides in part that a defendant who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime," or possesses a firearm in furtherance of such crimes, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to a separate and consecutive term of imprisonment of "not less than 7 years." 18 U.S.C. § 924(c)(1)(A)(i). For purposes of § 924(c), the term "crime of violence" means an offense that is a felony and:

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is referred to as the "use-of-force clause," and subsection (B) is referred to as the § 924(c)(3)(B) "residual clause." *See In re Saint Fleur*, 824 F.3d 1337, 1339 (11th Cir. 2016).

In October 2016, Hatfield filed an application with the Eleventh Circuit seeking leave to file a second or successive § 2255 motion based on the Supreme Court's decision in *Johnson*. *See* Court of Appeals Case No. 16-16567. In particular, Hatfield argued that his § 924(c) conviction under Count 3 of the indictment was unlawful because the § 924(c)(3)(B) residual clause is materially indistinguishable from the ACCA residual clause

declared unconstitutionally vague in *Johnson*. Proceeding from the premise that *Johnson* extends to, and voids, the § 924(c)(3)(B) residual clause, Hatfield argued that his § 924(c) conviction could not stand because the kidnapping offense in Count 1, which served as the predicate "crime of violence" for his § 924(c) conviction, categorically fails to qualify as a crime of violence under § 924(c)'s remaining use-of-force clause, *see* § 924(c)(3)(A), as the elements of the federal kidnapping statute, 18 U.S.C. § 1201(a), do not always involve the use of force.

The Eleventh Circuit authorized Hatfield to file a second-or-successive § 2255 motion under 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A) regarding his claim that his § 924(c) conviction was unlawful under *Johnson*.[3] In finding there was arguable merit to Hatfield's claim under *Johnson,* the Eleventh Circuit noted that it had not yet determined whether federal kidnapping is categorically a crime of violence for purposes of § 924(c), and that it was unclear whether the kidnapping statute categorically requires the use of force. In

---

[3] To file a second or successive motion in the district court, a prisoner must apply for leave from the appropriate court of appeals, *see* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h), and the court of appeals must not grant leave unless the motion will "contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

(continued…)

addition, the Eleventh Circuit noted that it had not yet decided whether *Johnson* applies to § 924(c).[4]

Hatfield is now before this court with his § 2255 motion arguing that his § 924(c) conviction is unlawful under *Johnson*. *See* Doc. Nos. 1 & 32. Because recent binding Eleventh Circuit precedent forecloses the possibility that Hatfield has met the § 2255(h) requirements for filing a second or successive petition based on *Johnson*, the undersigned concludes that Hatfield's § 2255 motion is due to be dismissed.

## II. DISCUSSION

In its recent en banc decision in *Ovalles v.United States*, 905 F.3d 1231 (11th Cir. 2018) (en banc) ("*Ovalles II*"), the Eleventh Circuit held that § 924(c)(3)(B)'s residual clause is not unconstitutionally vague under *Johnson* and its progeny so long as the statute is interpreted to embody a conduct-based approach that accounts for the actual, real-world facts of the predicate offense's commission, as opposed to a categorical approach. 905 F.3d at 1253. "As interpreted to embody a conduct-based approach, § 924(c)(3)(B) is not unconstitutionally vague." *Id.* Thus, the Eleventh Circuit has clarified that it "no longer

---

[4] The undersigned notes that the Eleventh Circuit's authorization to file this § 2255 motion is only a "threshold determination" that "does not conclusively resolve" the question whether Hatfield has actually satisfied the requirements of § 2255(h). *In re Moore*, 830 F.3d 1268, 1270–71 (11th Cir. 2016). Rather, this court must make an independent determination of whether Hatfield meets § 2255(h)'s requirements and "'decide every aspect of the case fresh, or in the legal vernacular, *de novo*.'" *In re Chance*, 831 F.3d 1335, 1338 (11th Cir. 2016) (quoting *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir. 2007)). This gatekeeping role recognizes that this court is in the best position to make the § 2255(h) assessment. *Jordan*, 485 F.3d at 1358; *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that the court of appeals' threshold conclusion in granting a successive application that a prima facie showing has been made is necessarily a "limited determination" as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met).

applies the categorical approach in assessing whether an offense qualifies as a crime of violence under § 924(c)(3)(B)." *Id*.

*Ovalles II* interpreted § 924(c)(3)(B) and set forth a rule of statutory interpretation, not a rule of constitutional law. *See* 905 F.3d at 1240, 1244, 1245–48, 1252. In other words, in light of the holding in *Ovalles II*, *Johnson* does not supply any "rule of constitutional law"—"new" or old, "retroactive" or nonretroactive, "previously unavailable" or otherwise—that can support a vagueness-based challenge to the residual clause of § 924(c). *In re Garrett*, 908 F.3d 686, 689 (11th Cir. 2018). Thus, the Eleventh Circuit has expressly held that under *Ovalles II*, no federal prisoner convicted and sentenced under § 924(c) can argue that *Johnson* gives him the right to file a second or successive § 2255 in this Circuit asserting a vagueness challenge to § 924(c).[5] *Garrett*, 908 F.3d at 689. Given *Ovalles II*'s holding that § 924(c)(3)(B)'s residual clause is not unconstitutionally vague, a *Johnson*-based vagueness challenge to § 924(c)'s residual clause cannot satisfy § 2255(h)(2)'s "new rule of constitutional law" requirement.[6] *Solomon v. United States*, 911 F.3d 1356, 1361 (11th Cir. 2019) (citing *Garrett*, 908 F.2d at 689).

---

[5] *Ovalles II* had not been decided at the time the Eleventh Circuit authorized Hatfield to file this, his second, § 2255 motion.

[6] As the Eleventh Circuit explained in *Garrett*:

> To be sure, Garrett was sentenced before we decided *Ovalles*, and we used to interpret section 924(c) to require a categorical approach. *See United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013), *overruled in relevant part by Ovalles*, 905 F.3d at 1253. But even if we construed Garrett's claim as a challenge to the use of a categorical approach by his sentencing court, it would make no difference. The substitution of one interpretation of a statute for another never amounts to "a new rule of *constitutional* law," 28 U.S.C. § 2255(h)(2) (emphasis added), not even when it comes from the Supreme Court. *See Gray-Bey v. United States*, 209 F.3d 986, 988–89 (7th Cir. 2000) (explaining that the Supreme

(continued…)

6

The recent binding Eleventh Circuit precedent of *Ovalles* and *Garrett* establishes that the Supreme Court's decision in *Johnson* did not affect Hatfield's conviction under § 924(c). Because *Johnson* leaves § 924(c)(3)(B)'s residual clause unscathed, Hatfield cannot satisfy § 2255(h)(2)'s requirement that his successive § 2255 motion present a claim based on a new rule of constitutional law made retroactive by the Supreme Court. Therefore, Hatfield is entitled to no relief.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Hatfield's § 2255 motion be DISMISSED as a second or successive motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 5, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

---

Court did not establish a new rule of constitutional law when it abrogated several circuits' interpretation of section 924(c) in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)).

908 F.3d at 689.

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 22nd day of March, 2019.

                                          /S/ Wallace Capel, Jr.
                              CHIEF UNITED STATES MAGISTRATE JUDGE